# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| JEREME ODOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:12-CV-0586 |
| v. | ) | |
| | ) | Judge Aleta A. Trauger |
| DAVID EDWARD CHUTE and | ) | |
| KATHLEEN PATRICIA CHUTE, | ) | |
| | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

On June 7, 2012, David Edward Chute and Kathleen Patricia Chute ("Chutes") filed a

Notice of Removal (Docket No. 1), which purports to remove an action pending in the General

Sessions Court for Montgomery County, Tennessee. The Chutes have also filed a Motion for

Temporary Restraining Order (Docket No. 3), a Motion to Dismiss Restraining Order (Docket

No. 10), a Motion to Dismiss False Statements Made in Affidavit of Jereme Odom (Docket No.

11), a Motion to Give an Assertion of Status on the Requested Plea (Docket No. 13), and a

Motion to Accept Exhibits/Evidence Manually (Docket No. 14).

## BACKGROUND

On June 4, 2012, Jereme Odom, an officer with the Tennessee Wildlife Resources

Agency, filed an action in the General Sessions Court for Montgomery County, Tennessee,

against the Chutes, alleging claims for harassment, slander, libel, and interference with official

duties of an officer, along with an application for a restraining order. In support of his request

for a restraining order, Odom submitted an affidavit explaining that the Chutes had stalked him

and harassed him in the exercise of his professional duties. That day, the General Sessions Court

issued the requested restraining orders ("Restraining Orders") against the Chutes, essentially ordering the Chutes to refrain from going near Odom.

After the General Sessions Court issued the Restraining Orders, the Chutes filed a Notice of Removal, which asserted that this court has original jurisdiction over the case, including a federal counterclaim. (*See* Docket No. 1.) On June 8, 2012, this court issued an Order that, in relevant part, expressed serious doubt that it had subject matter jurisdiction over the Chutes' claim. The court noted that the lower court action concerned only state law claims and that the parties were all residents of Tennessee, thereby defeating diversity. (Docket No. 6.) The court also noted that, to the extent the plaintiffs sought review of the Restraining Orders, the *Booker-Feldman* doctrine appeared to bar the claims. (*Id.*)

The Chutes filed affidavits (Docket Nos. 4-5) that purport to articulate claims under 42 U.S.C. § 1983. The court then issued a separate order that required the Chutes to file a Complaint or to file a notice stating that they wished to remove the General Sessions case to this court. (Docket No. 7.) In response, the Chutes filed a "Counterclaim Complaint" against Odom, several other named individuals, "John Doe" Montgomery County Emergency Services Personnel, the County of Montgomery, and the State of Tennessee as Counterdefendants (Docket No. 9). The Chutes also filed a Motion to Dismiss Restraining Order, which asserts that the General Sessions Judge violated the plaintiffs' federal constitutional rights by issuing the Restraining Orders (Docket No. 10), and a Motion to Dismiss False Statements Made in Affidavit of Jereme Odom, which argues that the Affidavit of Jereme Odom filed in the General Sessions Court case contained false statements (Docket No. 11).

## ANALYSIS

When it appears that the court may not have jurisdiction over the claims presented, the

court may consider the issue *sua sponte*. *See Things Remembered, Inc. v. Petrarca*, 516 U.S.

124, 132 n.1, 116 S. Ct. 494, 133 L. Ed. 2d 461 (1995) ("[E]very federal court, whether trial or

appellate, is obliged to notice want of subject matter jurisdiction on its own Motion.") (Ginsburg,

J., concurring); *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l., Ltd.*, 556 F.3d 459,

465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in

regard to every case and may raise the issue *sua sponte*.")

The parties to this case are all Tennessee residents. Therefore, the parties are not diverse

and the court only has jurisdiction if it would have had "original jurisdiction" over a claim. *See*

*Collins v Blue Cross Blue Shield of Mich*, 103 F.3d 35, 36 (6th Cir. 1996) (citing 28 U.S.C. §

1441(a)). "District courts have original federal question jurisdiction of cases 'arising under the

Constitution, law, or treaties of the United States." *Id.* (citing 28 U.S.C. § 1331). A case arises

under federal law when an issue of federal law appears on the face of a well-pleaded complaint.

*Id.* (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d

318 (1987)). Under the well-pleaded complaint rule, a case does not arise under federal law if

the federal issue initially appears as a defense. *Id.* at 37-38 (citing *Franchise Tax Bd v. Constr.*

*Laborers Vacation Trust*, 463 U.S. 1, 8, 103 S. Ct. 2841, 2845, 77 L. Ed. 2d 420 (1983) and

*Okla. Tax Comm'n v. Graham*, 489 U.S. 838, 840-41, 109 S. Ct. 1519, 1520-21, 103 L. Ed. 2d

924 (1989)).

The plaintiff in this case, Odom, asserted only state law claims in the General Sessions

Court proceeding. Therefore, under the well-pleaded complaint rule, the case does not arise

under federal law. Because the case as removed does not present a federal question, the Chutes'

assertion of a federal counterclaim under § 1983, made for the first time in this court *after* removal of the state court action, does not confer federal subject matter jurisdiction.

Moreover, under the *Rooker-Feldman* doctrine, "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings or to adjudicate claims 'inextricably intertwined' with issues decided in state court proceedings." *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *Dist. of Columbia Ct. of Appeals. v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). The *Rooker-Feldman* doctrine applies to interlocutory, as well as final, state court decisions. *Pieper v. Am. Arbitration Ass'n, Inc.*, 336 F.3d 458, 462 (6th Cir. 2003). Here, as stated in the Notice of Removal, the Chutes ask the court to review the merits of the General Session Judge's decision to grant Odom's request for Restraining Orders against them. In that respect, this case falls squarely within the types of state court decisions over which this court lacks subject matter jurisdiction.

**CONCLUSION**

For the reasons stated herein, the court lacks subject matter jurisdiction over this action. Accordingly, this case is hereby **REMANDED** to the General Sessions Court for Montgomery County Tennessee. The Chutes' Motion for Temporary Restraining Order (Docket No. 3), Motion to Dismiss Restraining Order (Docket No. 10), Motion to Dismiss False Statements Made in Affidavit of Jereme Odom (Docket No. 11), Motion to Give an Assertion of Status on the Requested Plea (Docket No. 13), and Motion to Accept Exhibits/Evidence Manually (Docket No. 14) are hereby **DENIED AS MOOT.**

It is so **ORDERED**.

4

Enter this 11th day of June, 2012.

ALETA A. TRAUGER
United States District Judge